**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Marvin Manzanarez and Enrique Ramirez, | : |
| | : |
|     Plaintiffs, | : |
| | : |
| v. | :    Case No. 3:16-cv-01395-SRU |
| | : |
| Regional Wall Systems, Inc., Regional Wall | : |
| Systems of SFL, Inc., and Louis DiMartino, | : |
| | : |
|     Defendants. | : |

## AMENDED COMPLAINT

### I.    INTRODUCTION

1.    This is an action brought by the plaintiffs, Marvin Manzanarez and Enrique Ramirez, against the defendants, Regional Wall Systems, Inc., Regional Wall Systems of SFL, Inc., and Louis DiMartino arising from the defendants' failure to lawfully pay the plaintiffs wages for their work.  The plaintiffs allege violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the minimum wage, overtime, and wage payment provisions of the Connecticut Minimum Wage Act, Conn. Gen. Stat. §31-58 *et seq* ("CMWA").  The plaintiffs seek their unpaid wages, liquidated damages pursuant to the FLSA, double damages pursuant to Connecticut law, and their reasonable attorney's fees and costs.

### II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C.

§1391(b), because a substantial part of the events giving rise to this claim occurred within this

judicial district.

III.    THE PARTIES

4.      The plaintiffs, Marvin Manzanarez and Enrique Ramirez, are residents of

Connecticut.  At all times relevant to this Complaint the plaintiffs were employees of the

defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C.

§203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5.      At all times relevant to this Complaint, the plaintiffs were employees engaged in

commerce, and/or were employees in an enterprise engaged in commerce within the

meaning of 29 U.S.C. §206(a) and 207(a)(1).

6.      At all relevant times, defendant Regional Wall Systems, Inc. was a Florida

corporation operating a construction contracting business.

7.      Defendant Louis DiMartino is a resident of Florida and, at all relevant times, was

the owner of defendant Regional Wall Systems, Inc.

8.      Defendant Louis DiMartino made all relevant decisions regarding the plaintiffs'

wages and working conditions.

9.      On information and belief, Defendant Regional Wall Systems of SFL, Inc. was

incorporated for the purpose of continuing the operations of Regional Wall Systems, Inc.

10.     At all times relevant to the Complaint, the defendants were employers as that

term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by

Connecticut General Statutes §31-58(e) and 31-71a(1).

IV.    STATEMENT OF FACTS

11.     The plaintiffs were employed by the defendants, from approximately October 1,

2014 until approximately February 22, 2015, to install drywall on the 11-story Cooper Square

building apartment conversion project, located at 205 Church Street in New Haven, Connecticut.

12.     During the plaintiffs' employment, the defendants did not post and keep posted a notice explaining the Fair Labor Standards Act, as prescribed by the U.S. Department of Labor, Wage and Hour Division, in a conspicuous place in their establishment such as would permit the plaintiffs or other employees to observe readily a copy, as required by 29 C.F.R. §516.4.

13.     During the plaintiffs' employment, the defendants did not post and keep posted the minimum wage and overtime regulations issued by the Labor Commissioner of the State of Connecticut at the place of employment where it could be read easily by its employees, as required by Connecticut General Statutes §31-66.

14.     During the plaintiffs' employment, the defendants did not furnish to the plaintiffs in writing an accurate record of hours worked, the gross earnings showing straight time and overtime as separate entries, itemized deductions and net earnings, as required by Connecticut General Statutes §31-13a.

15.     The defendants did not maintain a complete and accurate record of the hours worked, wages earned, and wages paid to the plaintiffs.

16.     During said period, the plaintiffs initially worked 8 hours on Monday through Saturday of each week, for a total of 48 hours per week.  On or around November 3, 2014, the plaintiffs' schedules increased to 10 hours on Monday through Saturday of each week, for a total of 60 hours per week.

17.     From approximately October 1, 2014 until approximately January 18, 2015, the defendants paid the plaintiffs at the rate of $25.00 per hour.

18.     The defendants never paid the plaintiffs at the rate of one and one-half times

their regular hourly rate for hours worked in excess of forty hours in each one-week period.

19.     On or around January 19, 2015, the defendants changed the plaintiffs'

compensation basis from an hourly rate to a piecework rate of $10.00 per sheet of drywall.

20.     The plaintiffs performed the work in tandem and, at the end of each week, they

submitted a joint tally of the sheets of drywall they hung during that week.

21.     During the week ending January 25, 2015, the plaintiffs hung 750 sheets of

drywall but the defendants have not paid them any wages for this work.  The plaintiffs worked

7 days for a total of approximately 70 hours that week.

22.     During the week ending February 1, 2015, the plaintiffs hung 723 sheets of

drywall, but the defendants have not paid them any wages for this work.  The plaintiffs worked

7 days for a total of approximately 70 hours that week.

23.     When the plaintiffs inquired about their unpaid wages, defendants told the

plaintiffs that they would not get paid for the piecework they had already performed unless

they registered a limited liability company with the Connecticut Secretary of the State.

24.     On February 5, 2015, the plaintiffs registered an LLC with the Secretary under

the name "Manzanarez Drywall Inc LLC".

25.     During the week ending February 8, 2015, the plaintiffs hung 397 sheets of

drywall and on February 10, 2015 they received a check for $3,970.00 from Regional Wall

Systems, Inc. made out to "Manzanarez Drywall Inc, LLC".

26.     During the week ending February 15, 2015, the plaintiffs hung 320 sheets of

drywall, but the defendants have not paid them any wages for this work.

27.     During the week ending February 22, 2015, the plaintiffs hung 542 sheets of

drywall, but the defendants have not paid them any wages for this work.  The plaintiffs worked

five 10-hour shifts and a half day on Saturday for a total of approximately 55 hours that week.

28.    After incurring the foregoing unpaid wage obligations in the name of Regional Wall Systems, Inc., Louis DiMartino formed the similarly named Regional Wall Systems of SFL, Inc., which was incorporated in Florida on April 27, 2016.

29.    The plaintiffs filed the instant action against Regional Wall Systems, Inc. on August 16, 2016 and served the Complaint at the abode of its registered agent, Louis DiMartino, on November 2, 2016.

30.    On March 13, 2017, Louis DiMartino filed Articles of Dissolution for Regional Wall Systems, Inc. with the Florida State Department.

31.    On information and belief, Regional Wall Systems of SFL, Inc. continues the same construction contracting business as Regional Wall Systems, Inc.

32.    Regional Wall Systems, Inc. has not appeared to defend this action and the Court has entered a default against it.  A motion for default judgment against Regional Wall Systems, Inc. is currently pending.

## V.    COUNT ONE: FLSA AND CMWA OVERTIME VIOLATIONS

1.    The plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 32, above.

33.    The defendants' failure to pay overtime wages as required by state and federal law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiffs consistent with the FLSA and CMWA but did not do so.

34.    As a result of the defendants' unlawful conduct, the plaintiffs suffered a loss of wages.

## VI.    COUNT TWO: FLSA MINIMUM WAGE VIOLATIONS

1.    The plaintiffs restate, re-allege and incorporate by reference paragraphs 1

through 34, above.

35.     The defendants' conduct in failing to pay the plaintiffs any wages for work performed in some weeks violates the minimum wage provisions of 29 U.S.C. §206.

36.     The defendants' failure to pay at least the minimum wage as required by federal law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiffs consistent with the federal minimum wage and did not do so.

37.     As a result of the defendants' unlawful conduct, the plaintiffs suffered a loss of wages.

## VII.   COUNT THREE: CMWA CLAIM FOR UNPAID WAGES

1.     The plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 37, above.

38.     The defendants failed to pay the plaintiffs all of the wages that were owed as required by Conn. Gen. Stat. §31-71b through 31-71e.

39.     As a result of the defendants' unlawful conduct, the plaintiffs suffered a loss of wages.

40.     Pursuant to Conn. Gen. Stat. §31-72, the plaintiffs seek payment of the wages that they are owed.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs respectfully request that this Court:

1.      Order the defendants to pay to the plaintiffs all wages owed, consistent with the Fair Labor Standards Act and the Connecticut Minimum Wage Act;

2.      Award the plaintiffs liquidated damages for all overtime and minimum wages owed pursuant to 29 U.S.C. §216(b);

3.      Award the plaintiffs double damages pursuant to Conn. Gen. Stat. §31-72 for all unpaid regular and overtime wages;

4.      Award the plaintiffs their reasonable attorney's fees and costs; and

5.      Award the plaintiffs such other legal and equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED
THE PLAINTIFFS, by

 / s / Mariusz Kurzyna
Mariusz Kurzyna (ct28940)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Tel. 301-587-9373
Fax 240-839-9142
mkurzyna@zagfirm.com