**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Marvin Manzanarez and Enrique Ramirez, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No. 3:16-cv-01395-SRU |
| | : | |
| Regional Wall Systems, Inc., Regional Wall | : | |
| Systems of SFL, Inc., and Louis DiMartino, | : | |
| | : | |
| Defendants. | : | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

The plaintiffs, Marvin Manzanarez ("Manzanarez") and Enrique Ramirez ("Ramirez") (collectively, "Plaintiffs"), and the defendants, Regional Wall Systems, Inc., Regional Wall Systems of SFL, Inc., and Louis DiMartino ("Defendants"), by and through undersigned counsel, respectfully submit this Joint Motion to Approve the Settlement Agreement in this case, a copy of which is attached hereto as Exhibit 1 ("Settlement Agreement"). Plaintiffs and Defendants are collectively referred to as the "Parties." The Parties seek an Order approving the Settlement Agreement and dismissing Plaintiffs' claims against the Defendants with prejudice and without costs, attorneys' fees, or interest and waiving all rights of appeal.

## I.    INTRODUCTION

The Parties are seeking the Court's approval of the Settlement Agreement because Plaintiffs allege, among other counts, a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). *See Cheeks v. Freeport Pancake House, Inc*., 796 F. 3d 199, 206 (2d Cir. 2015) ("Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take

effect.")  When parties seek approval of an FLSA settlement, the court must determine

whether it is a fair and reasonable resolution of a bona fide dispute.  *D.A. Shulte, Inc. v.*

*Gangi*, 328 U.S. 113, n. 8 (1946); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354-

55 (11th Cir. 1982); *Jarrard v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

If the settlement reflects "a reasonable compromise over issues" such as FLSA

coverage or computation of back wages that are "actually in dispute," the court may

approve the settlement "in order to promote the policy of encouraging settlement of

litigation."  *Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

## II.    THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT AND DISMISS THE ACTION WITH PREJUDICE

"In determining whether a settlement is fair and reasonable, a court considers the

totality of the circumstances, encompassing a range of factors including: (1) the

plaintiff's range of possible recovery; (2) the extent to which the settlement will enable

the parties to avoid anticipated burdens and expenses in establishing their respective

claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4)

whether the settlement agreement is the product of arm's-length bargaining between

experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic*

*Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (internal quotation marks and citations

omitted).

Under the terms of the Settlement Agreement, Defendants will pay Plaintiffs a

total of $80,000.00.  Specifically, Defendants will pay Manzanarez $30,000.00 in

damages, pay Ramirez $30,000.00 in damages, pay $19,157.69 for Plaintiffs' attorneys'

fees, and pay $842.31 for Plaintiffs' costs.  The parties have agreed that, in exchange

for these payments, Plaintiffs' claims will be dismissed with prejudice without costs or attorneys' fees, or interest, and with waiving all rights of appeal.

Plaintiffs' counsel estimated that, if Plaintiffs prevailed on all claims to the maximum extent alleged, they could each have recovered up to $19,471.06 in addition to any liquidated damages awarded by the Court. Indeed, Plaintiffs obtained a default judgment based on said calculations against Regional Wall Systems, Inc. ("RWS") on March 29, 2019. However, Plaintiffs would not be able to collect on the judgment from RWS itself because the corporation was dissolved on March 13, 2017. While the motion for default judgment was pending, Plaintiffs impleaded Regional Wall Systems of SFL, Inc. on a theory of successor liability and Louis DiMartino on a theory of individual liability. Unlike RWS, these new defendants have appeared to defend the lawsuit and dispute liability, FLSA coverage, and the extent of the alleged damages. Given the burdens and expenses of establishing said liability, coverage, and extent of damages, and the risk that Plaintiffs would not be able to collect on a judgment, the Settlement Agreement represents a fair and reasonable resolution of a bona fide dispute.

The Settlement Agreement does not include provisions upon which district courts in the Second Circuit have rejected FLSA settlements. First, the Agreement does not contain a confidentiality clause. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (refusing to approve any provisions in settlement agreement that would bar plaintiffs from openly discussing their experiences litigating wage-and-hour case). Second, while the Settlement Agreement contains a non-disparagement provision, it includes "a carve-out for truthful statements about plaintiffs' experience litigating their case." *Id.* at 180 n.65. Finally, while the Settlement Agreement includes a

general release, the release is neither "uncompensated" or "unevaluated". *See Camacho v. Ess-A-Bagel, Inc.*, 2014 U.S. Dist. LEXIS 171649, *13, 2014 WL 6985633 (S.D.N.Y. Dec. 11, 2014) (A release that "confers an uncompensated, unevaluated, and unfair benefit on the employer" is "inequitable and unfair.")  Here, Plaintiffs' counsel evaluated and advised Plaintiffs, whose relationship with Defendants ended more than four years earlier, that they have no cognizable claims other than those based on the facts alleged in the Complaint and negotiated additional consideration for the general release.

**III.**     **PLAINTIFFS SUBMIT THAT THE AMOUNT OF ATTORNEYS' FEES AND COSTS IS REASONABLE**

An award of reasonable attorneys' fees and costs to a prevailing FLSA plaintiff is "mandatory under § 216(b)" of the FLSA. *Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 86 (2d Cir. 1983) (citations omitted).  "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. 2d at 336; *see also Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."); *Aros v. United Rentals, Inc.*, No. 3:10CV00073 (JCH), 2012 U.S. Dist. LEXIS 104429, *13, 2012 WL 3060470 (D. Conn. July 26, 2012) ("Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA.").

In the Second Circuit, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, 2015 U.S. Dist.

4

LEXIS 166890, at *5 (S.D.N.Y. Dec. 14, 2015).  Alternatively, "there is a strong presumption that the 'lodestar' amount – that is, the number of attorney hours reasonably expended times a reasonable hourly rate – represents a reasonable fee." *Wolinsky*, 900 F. Supp. 2d at 336.  "In an individual FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees. *Id*. (Internal quotations omitted)

Plaintiffs' counsel, Mariusz Kurzyna, has 13 years of combined experience in labor and employment law. (Exhibit 2, Declaration of Mariusz Kurzyna, ¶¶ 4-11)  For the past 8 years, counsel has focused his practice primarily on issues of wage theft in low-income and immigrant communities. (*Id*. at ¶¶ 6-7)  Attorney Kurzyna has litigated more than 30 wage and hour cases in state and federal courts in Connecticut, Maryland, District of Columbia, and Rhode Island, including bench and jury trials, and has resolved countless others out of court. (*Id*. at ¶ 10)  Prior to joining the law firm of Zipin, Amster & Greenberg, LLC in Silver Spring, MD ("Firm"), Attorney Kurzyna was one of only two practitioners who regularly represented low-income individual FLSA plaintiffs in parts of Connecticut not served by the New Haven Legal Assistance Association ("NHLAA") or Greater Hartford Legal Aid ("GHLA"). (*Id*. at ¶ 11)  As Waterbury residents, Plaintiffs were not eligible for representation by either legal aid office and, when they sought assistance from NHLAA, Plaintiffs were referred to Attorney Kurzyna. (*Id*. at ¶ 12)

Attorney Kurzyna's current hourly rate of $350 is well within the prevailing rates for attorneys of his training and experience.  In this district, FLSA settlement agreements compensating Attorney Kurzyna at his previous hourly rate of $325 have been repeatedly approved since 2016. (*Id*. at ¶ 16; *See also e.g., Salguero v. Luiza's*

*Diner, LLC*, 3:15-cv-01152-WIG (ECF Nos. 28, 29)).  The hourly rate charged for

Attorney Kurzyna's time to the Firm's hourly paying clients was raised to $350 effective

July 1, 2018. (Ex. 2 at ¶ 17; *See* Exhibit 3, Monthly invoice for Title VII lawsuit

prosecution; Exhibit 4, Monthly invoice for ADA lawsuit defense; Exhibit 5, Monthly

invoice for assistance of small business in labor department investigation)  More than

two years ago, this Court awarded fees at the $350 hourly rate to NHLAA staff attorney

James Bhandary-Alexander. *Tubac v. Presidential Marble & Granite, LLC*, 3:16-cv-

00419-SRU (ECF No. 21 (Jan. 21, 2017))  Mr. Bhandary-Alexander is Mr. Kurzyna's

fellow 2005 Northeastern University School of Law graduate and sometimes

collaborator who has a similar level of experience as Plaintiffs' counsel in litigating wage

and hour cases. (Ex. 2 at ¶ 13-15)

A report of the Firm's contemporaneous time records and expenses is attached

as Exhibit 6.  As of May 28, 2019, Attorney Kurzyna has reasonably expended around

61.4 hours on this litigation.  At counsel's reasonable hourly rate of $350, the attorney's

fees are already around $21,490.00 and continue to accrue through the process of

settlement approval and consummation.  In addition, counsel has incurred $842.31 in

expenses.  Notwithstanding, for purposes of settlement, counsel agreed to cap the total

of said fees and expenses at $20,000.00.

The Settlement Agreement is the product of arm's-length bargaining by

experienced and competent counsel.  Counsel for the Parties assert that the settlement

is a fair and reasonable resolution of a *bona fide* dispute

WHEREFORE, the Parties respectfully request that this Court issue an Order

approving the Settlement Agreement and dismissing Plaintiffs' claims against the

Defendants with prejudice and without costs, attorneys' fees, or interest and waiving all rights of appeal.


Respectfully submitted,


  */s/  Mariusz Kurzyna*                                            */s/  Glenn W. Dowd*

Mariusz Kurzyna (ct28940)                           Glenn W. Dowd (ct12847)
Zipin, Amster & Greenberg, LLC                  Day Pitney LLP
8757 Georgia Avenue, Suite 400                  242 Trumbull Street
Silver Spring, MD 20910                          Hartford CT 06103-1212
Tel: 301-587-9373                                    Tel: (860) 275 0570
Fax: 240-839-9142                               Fax: (866) 458 0321
mkurzyna@zagfirm.com                       gwdowd@daypitney.com

*Counsel for Plaintiffs*                             *Counsel for Defendants*